THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| OLINDA F. LAWRENCE | CIVIL ACTION NO. 12-2789 |
| VERSUS | JUDGE |
| UNITED PARCEL SERVICE, INC. | MAGISTRATE SECT. H MAG. 1 |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsels, comes Plaintiff, Olinda F. Lawrence, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

### NATURE OF THE ACTION

This is an action bought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. It is also being bought under the Age Discrimination in Employment Act to provide relief to Olinda F. Lawrence, who was adversely affected by such practices. The Plaintiff, Olinda F. Lawrence, was subjected to race, age and gender discrimination and retaliation by the Defendant, United Parcel Service, Inc. As alleged with greater particularity in paragraph eleven below, Plaintiff, Olinda F. Lawrence was subjected to different terms and conditions of employment, having been terminated and reinstated on four different occasions; denied promotional opportunities; and subjected to various other acts of retaliation because of her protesting practices made illegal under Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

1

2. This action is authorized and instituted pursuant to Sections 703 (a) 1 of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 as well as the Age Discrimination in Employment Act.

3. The employment practices alleged to be unlawful were at all times committed in The United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Olinda F. Lawrence, is a resident of Orleans Parish, Louisiana.

5. At all relevant times, Defendant has continuously been a foreign corporation authorized to do and doing business in the State of Louisiana.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Olinda F. Lawrence filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) alleging violations of Title VII and retaliation, as well as the Age Discrimination Act under EEOC Charge Numbers 461-2010-00193 and 461-2011-00127.

9. The Plaintiff requested a Right to Sue on both cases (461-2010-00193 and 461-2011-00127) which were issued by EEOC on August 17, 2012 and received by the Plaintiff on or about August 20, 2012.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

11. The Plaintiff, Olinda F. Lawrence, a 45 year old Black female, has been employed with the Defendant since June 2, 2004 and her most recent position is that of a part-time driver since February of 2012. Beginning in 2007 and continuing through 2012, the Plaintiff's seniority has been ignored by the Defendant when she was not allowed to work Saturday-Air, which would have afforded her the opportunity to gain experience and to earn extra hours. The Defendant gave this work to white males under the age of 40 and disregarded the Plaintiff's seniority. Additionally, the Plaintiff has applied for positions as a Driver, Exceptional Air Driver, Loader, Next Day Air, Early AM's, Sorter, Clerk, and Customer Counter Clerk and has been consistently denied the opportunity to advance into one of these positions by the Defendant who has consistently disregarded the Plaintiff's seniority. The Plaintiff has reported the discriminatory conduct of the Defendant to the Defendant's employee hot line, as well as filing formal complaints with EEOC. The Defendant's retaliatory actions have consisted of denying the Plaintiff training opportunities that would have led to higher paying positions; denying the Plaintiff assistance in meeting delivery deadlines; holding Plaintiff to a heightened scrutiny when performing her duties, which have resulted in numerous unfounded write-ups; denying Plaintiff the appropriate pay increases for the positions she has held; and terminating the Plaintiff on four separate occasions.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely

affect her status as an employee because of her race (Black), age (over 40), and gender; and in retaliation for Plaintiff exercising her right to file a EEO complaint against the Defendant.

13. The effect of the practices complained of in paragraph 11 above has been to deprive Ms. Lawrence of equal employment opportunities and otherwise adversely affect her status as an employee and to deny her training and promotional opportunities because of her age, race, gender and in retaliation for protesting these illegal practices.

14. The unlawful employment practices complained of in paragraph 11 above were intentional.

15. The unlawful employment practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Ms. Lawrence.

16. The unlawful employment practices complained of herein have caused Ms. Lawrence to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Olinda F. Lawrence requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, gender and retaliation; as well as the Age Discrimination in Employment Act.

4

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Olinda F. Lawrence, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Olinda F. Lawrence, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11.

E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Olinda F. Lawrence, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper under the circumstances.

G. Award Plaintiff its cost of this action.

Respectfully submitted,

*[signature]*

Lillian M. Thornton LSB#25525
48 Heritage Lane
New Orleans, LA 70114
(504) 263-2346
FAX (504) 486-8005